**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRACY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:16-CV-00209 |
| | ) | |
| v. | ) | Hon. Magistrate Judge M. David Weisman |
| | ) | |
| TARRY WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT EVIDENCE OF PRIOR CONVICTIONS, TO PROHIBIT THE USE OF RESTRAINTS AT TRIAL, AND TO REQUIRE APPROPRIATE CIVILIAN CLOTHING FOR PLAINTIFF AT TRIAL**

Plaintiff Tracy Williams ("Plaintiff"), by and through his attorneys, Hinkhouse Williams Walsh LLP, moves *in limine* for the entry of an order barring or limiting Defendant, Defendant's witness(es), and Defendant's attorneys from mentioning, introducing, referring or alluding to Plaintiff's prior convictions. Additionally, Plaintiff moves *in limine* for the entry of an order requiring that Plaintiff remained unshackled and attired in appropriate civilian clothing when before the jury. In support of this Motion, Plaintiff states as follows:

**A.  Evidence of Plaintiff's Prior Convictions Should be Excluded or Limited at Trial.**

1. Plaintiff moves to exclude any evidence of his previous criminal convictions pursuant to Federal Rule of Evidence ("FRE") 609. FRE 609(a). Plaintiff anticipates that Defendant will attempt to introduce evidence of his prior convictions under FRE 609, and objects to the admission of these convictions when he testifies.

1

2. Although FRE 609 permits attacking a witness' character for truthfulness through prior felony convictions, it is subject to FRE 403 to determine if the probative value of such evidence is substantially outweighed by its prejudicial effect.

3. "The reason for allowing cross-examination under FRE 609(a) is to allow a party to attempt to cast doubt on a witness' reliability for telling the truth. Acts involving fraud or deceit clearly raise such doubt, while certain acts such as murder, assault or battery normally do not." *Varhol v. Nat'l R.R. Passenger Corp.,* 909 F.2d 1557, 1567 (7th Cir. 1990).

4. Plaintiff is currently incarcerated for one murder offense. Plaintiff also has discharged sentences for felony receipt, possession, and/or sale of a stolen vehicle and possession of a controlled substance.

5. The only purpose for Defendant, Defendant's witness(es), and Defendant's attorneys to mention Plaintiff's prior convictions would be to unduly prejudice the jury against Plaintiff. These convictions have no bearing on Plaintiff's truthfulness during testimony, and they do not show propensity for Plaintiff's character. Plaintiff's prior convictions are not evidence of a lack of truthfulness and would substantially prejudice the jury against Plaintiff.

6. If this Court does permit Defendant, Defendant's witness(es), and Defendant's attorneys to mention and/or introduce Plaintiff's prior convictions during trial, Plaintiff requests an order limiting any such reference to the phrase, "felony conviction." This should exclude any testimony, mention, innuendo or questions regarding: (i) "murder;" (ii) "felony receipt, possession and/or sale of a stolen vehicle;" and (iii) "felony possession of a controlled substance."

7. If the Court permits any reference to Plaintiff's convictions, then this Court should apply a balancing test to determine if evidence of the probative value of Plaintiff's prior convictions is substantially outweighed by their prejudicial impact. *U.S. v. Puckett*, 405 F.3d 589,

596 (7th Cir. 2005). Evidence of Plaintiff's convictions lacks probative value, and this evidence has the obvious potential to substantially prejudice the jury against Plaintiff.

8. Juries tend to discriminate against convicted criminals, especially for violent crimes, and the Court should exclude any and all references to Plaintiff's prior convictions. "Evidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but also because its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented . . . " *Thompson v. City of Chicago*, 472 F.3d 444, 456-57 (7th Cir. 2006).

9. If any mention or questioning regarding Plaintiff's conviction is permitted, Defendant further should be prohibited from mentioning or introducing any evidence of the underlying circumstances surrounding Plaintiff's convictions. *Sanders v. Welborn*, 07-cv-808-SCW, 2011 WL 1539857 at *1 (S.D. Ill. Apr. 21, 2011) (holding "[d]efendants shall not elicit testimony regarding the nature of the convictions as such testimony would be highly prejudicial and outweighs the probative value of the evidence").

10. If Defendant is permitted to mention Plaintiff's prior convictions, then there exists a substantial possibility that the jury would be unduly prejudiced against Plaintiff, and may find against him even if they feel the facts of his case prove that his civil rights were violated.

11. If Defendant is permitted at all to mention or question Plaintiff about his prior convictions, then any such mention or questioning should be strictly limited to: (i) whether Plaintiff was convicted of a single felony; (ii) what felony; and (iii) when the conviction was obtained. *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009); *see also Mays v. Snyder*, 01-CV-1254, 2014 WL 1304994 at *2.

3

**B.     Plaintiff Should be Unshackled and in Appropriate Civilian Clothing When Before the Jury.**

23.     Plaintiff should be unshackled and attired in appropriate civilian clothes while in the presence of the jury to minimize any prejudice his prison attire may cause.

24.     Plaintiff's prison attire would serve as a constant reminder of Plaintiff's incarceration, and this could cause the jury to implicitly and improperly judge that Plaintiff's claims are without basis, or that his lawsuit against the Defendant is unjustified.

25.     Plaintiff's prison attire is so likely to be a continuing improper influence throughout trial that "an unacceptable risk is presented of impermissible factors coming into play." *Estelle v. Williams*, 425 U.S. 501, 505 (1976). Inmates are entitled to the minimum restraints necessary to maintain safety in the courtroom. *Lemons v. Skidmore*, 985 F.2d 354, 359 (7th Cir. 1993). The mere "contrast between a litigant's wearing prison garb and his opponents' wearing law enforcement uniforms is likely to influence the jury against the prisoner, and has long been held as highly prejudicial." *Maus v. Baker*, 747 F.3d 926, 927 (7th Cir. 2014).

26.     The probative value of requiring Plaintiff to wear his prison uniform and shackles during trial is substantially outweighed by the danger of unfair prejudice his appearance may present to the jury. The presence of court security and U.S. Marshalls will be sufficient to protect those people present in the courtroom and render the restraints unnecessary.

27.      If Plaintiff is required to be restrained, then the visibility of such restraints should be limited in the presence of the jury.

Wherefore, Plaintiff Tracy Williams respectfully requests that this Court grant his Motion *in Limine* and enter orders *in limine*: (i) barring or limiting Defendant from mentioning, introducing, referring or alluding to Plaintiff's prior convictions; (ii) requiring that Plaintiff,

remain unshackled and attired in appropriate civilian clothing when before the jury; and (iii) providing any other relief that this Court deems necessary and just.

                Respectfully submitted,

By: */s/ Jason H. Nash*
John T. Williams
Jason H. Nash
Brenan K. Salgado
Hinkhouse Williams Walsh LLP
180 N Stetson Street, Suite 3400
Chicago, IL 60601
312-784-5400
jwilliams@hww-law.com
jnash@hww-law.com
bsalgado@hww-law.com

*Counsel for Plaintiff Tracy Williams*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2019, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

                                                  *s/Jason H. Nash*
                                                  JASON H. NASH